# Anderson C. Wilson vs. Johnson King.

*Error to Henry.*

An omission of the name of the month, in the date of the service of a writ, is not material, where there is sufficient in the circumstances of the case to show due service.

It is no material variance, that where the instrument stipulates for twelve per cent interest, the declaration makes no mention of interest at all.

It is not necessary for the record to show proof of the signature of the defendant to the note, where judgment is taken by default at the first term after suit is commenced. This will be presumed, unless the contrary appears.

Where a note stipulates for twelve per cent interest, the judgment should draw interest at that same rate.

Action of debt on an in strument of which the following is a copy:

"On or before the 25th day of December next, I promise to pay Johnson King, or order, the sum of eighty dollars for value received of him, with twelve per cent interest when due, until paid, this 2d day of June, 1840. As witness my hand and seal.

(Signed)      A. C. WILSON. [SEAL."]

The other facts of the case sufficiently appear from the opinion of the court.

G. W. TEAS, for plaintiff in error.

J. C. HALL, for defendant in error.

BY THE COURT, MASON, CHIEF JUSTICE.—The first error assigned in this case, is, that the sheriff's return does not show that the process was served ten days before the first day of the term, at which judgment was given. Unless the service were actually made ten days prior to the first day of that term, the defendant was not bound to plead, and the judgment by default was irregular. The sheriff's return states that it was served on the third —— 1841, without naming the month, but inasmuch as the summons was issued on the 27th of February, and as the date of the return is March 4th 1841, we are authorized to conclude that it was served on the third of March of that year. As the court in that county, at which judgment was rendered, commenced on the 14th of that month, there was ten days between the service and the first day of the court.

An alleged variance between the instrument set out in the declaration, and that produced in proof, is another supposed error in the proceedings below. The declaration in describing the instrument makes no mention of interest, whereas the instrument itself stipulated for twelve per cent interest from the time the money became due till paid. The writing obligatory is only set forth in the declaration according to its legal effect. Interest at some rate follows as a legal consequence from the time the money was due. Nothing more was done than to fix that rate. We do not think it was necessary to set this forth in the declaration.

The third error assigned, is that judgment was taken by default, at the first term after the suit was commenced, without proving the signature of the defendant. If this should appear from the record it would be error; for the statute requires such proof. But as the record is silent on this subject the court below will be presumed to have done its duty, and to have required the proof previous to allowing the judgment to be entered.

Lastly, the judgment was entered to draw twelve per cent interest, and this is deemed contrary to law. We do not think so. The statute fixes six per cent as the rate of interest when nothing is stipulated on that subject, but it allows the parties to contract for any rate not exceeding twenty per cent. When this is done the rate thus agreed upon is substituted for that prescribed by law, and we think it should be continued until the money is actually received. The original contract may be regarded as merged in the judgment it is true, still we think the latter should carry out the spirit and intention of the original agreement. To do otherwise, would be to sacrifice justice to a legal fiction.

A different rule would enable the party to take advantage of his own wrong. Having failed to perform his agreement and driven the other party to the necessity of resorting to a suit at law, it seems to us unjust that he should be enabled to take advantage of that circumstance, for the purpose of avoiding one of the stipulations of his original contract. Except for the most cogent reasons, individuals should be allowed to make such contracts as they think proper, with which the laws should not interfere except for the purpose of carrying them into effect.

The judgment below will therefore be affirmed.